UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN JOSE DUQUE,

       Petitioner,

    v.                                                        Case No.:  2:26-cv-01806-SPC-KRH

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al*,

       Respondents,

                            /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Juan Jose Duque's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Duque is a native of Cuba who was paroled into the United States on June 20, 1995.  Following a conviction for possession of cocaine, an immigration judge ordered Duque removed to Cuba on August 1, 2005.  Duque's criminal history also includes convictions for burglary, disorderly conduct, harassment, assault, resisting arrest, criminal mischief, resisting an officer with violence, and trespassing.  Duque has spent several prior stints in immigration detention, and Immigration and Customs Enforcement ("ICE") released him under orders of supervision each time.  On October 19, 2025, Duque was arrested for lewd and lascivious assault on a child.  ICE issued an immigration detainer, and on October 20, 2025, ICE revoked the latest order of supervision

for failing to comply with its conditions. Duque argues his detention is unlawful because ICE cannot remove him in the reasonably foreseeable future.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Duque's current detention is lawful. 8 C.F.R. § 241.4(l) allows ICE to revoke release when a noncitizen violates a condition of release. Duque does not dispute that his arrest violated a condition of his release, nor does he allege the government failed to comply with § 241.4(l)'s notice and interview requirements. Duque is also entitled to annual reviews by the HQPDU director, the first of "which will ordinarily be expected to occur within approximately three months after release is revoked." 8 C.F.R. § 241.4(l)(3). The first custody review occurred on June 18, 2026. ICE determined Duque should remain detained because he posed a danger to the community and a significant flight risk. (*See* Doc. 5-1 at 56-58).

At bottom, Duque does not claim ICE failed to afford the process due under § 241.4(l), and the Constitution does not prohibit ICE from re-detaining a noncitizen who violated conditions of an order of supervision. *See Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) ("we nowhere deny the right of Congress to remove aliens, to subject them to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

Accordingly, it is hereby

**ORDERED:**

Juan Jose Duque's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record